NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Fernando Garcia,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>Gateway Group One,<br><br>　　　　　　　　Defendant. | Civil Action No.: 18-17584<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

　　This matter comes before the Court on *pro se* Plaintiff Fernando Garcia's ("Plaintiff") motion for default judgment against Defendant, pursuant to Fed. R. Civ. P. 55(b)(2). ECF No. 12. Plaintiff filed his complaint on December 27, 2018. ECF No. 1. The time for Defendant to answer or otherwise respond to the complaint has expired. *See* Fed. R. Civ. P. 12(a). Pursuant to Fed. R. Civ. P. 55(a), the Clerk entered a Default against Defendant on January 24, 2020. Plaintiff served Defendant with notice of this motion on February 7, 2020 and filed the instant motion for default judgment on February 10, 2020. ECF Nos. 12, 12-1. No opposition has been filed.

　　As a preliminary matter, Plaintiff has not exhausted the necessary administrative remedies prior to bringing this action. Title VII "requires an aggrieved party to file, within 180 days of the alleged discriminatory practice, a charge with the EEOC [the United States Equal Opportunity Commission] and receive a 'right to sue' letter before bringing an action against 'the respondent named in the charge,'" *Carman v. Horizon New Jersey Health*, 2017 WL 4536116, at *3 (D.N.J.

Nov. 10, 2017) (quoting *Bishop v. Okidata, Inc.*, 964 F. Supp. 416, 424 (D.N.J. 1994)).  Plaintiff has not alleged nor offered proof that he filed a charge with the EEOC.

Furthermore, the Court finds that Plaintiff has not stated a sufficient cause of action based upon the information set forth in the complaint.  The factual allegations in the complaint are accepted as true because Defendant has failed to respond to the complaint. *Comdyne I Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).  However, even taking the facts alleged by Plaintiff as true, the Court cannot presume liability in this case.

Plaintiff's only cause of action is for employment discrimination under Title VII of the Civil Rights Act. Title VII makes it unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  The "*prima facie* elements of a discrimination claim vary depending on the particular facts of the case, the plaintiff must generally present evidence that 'raises an inference of discrimination." *Storey v. Burns Intern. Security Services*, 390 F.3d 760, 764 (3d Cir. 2004) (citations omitted).  To assert a *prima facie* case under Title VII, plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the action took place under circumstances that give rise to the inference of unlawful discrimination. *See DeMary v. Kennedy Health System*, 2014 WL 3748591, *7 (D.N.J. July 30, 2014).

At issue here, is whether his termination gives rise to an inference of unlawful discrimination.  Although Plaintiff's complaint alleges that he was discharged because of his Hispanic background, Plaintiff concedes that he was fired because he accepted "gratuity's." ECF

2

No. 1 at 3–4. When there is a legitimate, nondiscriminatory reason for termination, "the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *DeMary*, 2014 WL at *9 (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)). The complaint does allege that other employees, who were of Italian descent, not Hispanic, also accepted gratuities without termination. These conclusory allegations are insufficient for a fact finder to either disbelieve the legitimate reasons or to believe a discriminatory reason motivated the termination. The Court finds that Plaintiff has not plausibly alleged the claims for employment discrimination under Title VII.

"Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**IT IS THEREFORE** on this 22nd day of September, 2020,

**ORDERED** that Plaintiff's motion for default judgment (ECF No. 12) is hereby **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff is hereby granted thirty (30) days from the date of entry of this Order in which to file an amended complaint that cures the pleading deficiencies as set forth by

3

the Court.

**SO ORDERED.**

      *S/   Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

4